UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

LESIA R. JAMES, BORIS O.
KOROPEY and LENA M. KOROPEY                                    Plaintiffs

v.                                               Civil Action No. 1:24-cv-61-RGJ

LINDA B. THOMAS                                                 Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant Linda Thomas ("Thomas") moves to dismiss this case as untimely filed. [DE 13]. Plaintiffs Lesia James, Boris Koropey, and Lena Koropey (collectively, the "Heirs") responded [DE 14] and Thomas replied [DE 15]. For the reasons below, the Court **DENIES** Thomas's motion.

**I. BACKGROUND**

At this stage, the Court accepts as true all well-pleaded factual allegations in the Heirs' complaint. *See Saalim v. Walmart, Inc.*, 97 F.4th 995, 1001 (6th Cir. 2024).

**A. Oleh's Estate**

Nonparties Oleh and Janice Koropey were spouses, each with separate children from prior marriages. [Compl., DE 1 at 2–3]. The Heirs are Oleh's adult children. [*Id.* at 2]. In 2014, while married to each other, Oleh and Janice executed a spousal agreement and reciprocal wills. [*Id.* at 2]. Oleh also deeded their marital residence, which had been in his name alone, to "the joint names of the spouses." [*Id.* at 4]. Their other joint assets included "bank accounts and three real estate investment properties." [*Id.*].

Thomas, an attorney, prepared the spouses' 2014 estate planning documents. [*Id.* at 3]. If Oleh predeceased Janice, the Heirs were to receive $70,000 each upon his death, then proceeds

from sale of the three investment properties upon Janice's death. [*Id.* at 4]. Later, the investment properties were transferred to an LLC. [*Id.* at 5]. That LLC was initially "owned by the spouses," but in order to "qualify[] the company as a woman owned enterprise," Janice became the LLC's sole member. [*Id.*].

Oleh predeceased Janice in November 2020. [*Id.* at 2]. Thomas represented Janice in her administration of the estate. [*Id.* at 5]. Together, they "took the position that all assets were either in Janice's ownership or passed to her under joint tenancy," leaving only "nominal tangible personal property" in Oleh's estate. [*Id.* at 5]. The probate court agreed. [*Id.*]. Because the estate's total assets did not exceed Kentucky's $30,000 spousal exemption, the court dispensed with any further administration.[1] In April 2021, Thomas prepared a new will for Janice, "leaving nothing to [the Heirs] and everything to [Janice's] own children." [DE 1 at 6].

### B. Subsequent Litigation[2]

The Heirs believe they have wrongly lost the "specific bequests" intended for them under the 2014 estate planning documents: $70,000 each, plus future proceeds from sale of the three investment properties. [DE 1 at 4–5, 9]. They attempted unsuccessfully to intervene in the Warren District Court probate matter.[3] They appealed, but the Warren Circuit Court affirmed both the probate court's dispensation of the estate and the court's denial of the Heirs' motion to intervene.[4] Next, the Heirs sued Janice in a separate Warren Circuit Court action "for breach of the Spousal

---

[1] Order Dispensing with Further Administration, *In re Estate of Oleh Borys Koropey*, No. 20-P-756 (Ky. Warren Dist. Ct. Mar. 24, 2021).

[2] For the reasons explained below, the Court takes judicial notice of the existence of these related proceedings and court records from other cases.

[3] *See* Motion to Intervene, *In re Estate*, No. 20-P-756 (Apr. 15, 2021).

[4] Order Affirming District Court, *Koropey v. Estate*, No. 21-XX-6 (Ky. Warren Cir. Ct. Feb. 10, 2022).

Agreement," seeking recovery of the "specific bequests" and other relief. [DE 1 at 6]. That case remains pending.[5]

In this case, the Heirs assert that Thomas "owed a duty of care to them" as Oleh's "intended beneficiaries." [DE 1 at 6]. They claim negligence and breach of fiduciary duty [*id.* at 7] and seek damages equaling the "specific bequests," i.e. the same damages they are seeking from Janice in Warren Circuit Court [*id.* at 9]. Thomas answered [DE 12] before filing the instant motion.

## II. STANDARD

Thomas's motion is styled as a Rule 12(b)(6) motion to dismiss "for failure to state a claim." [DE 13]. Because she has answered the Heirs' complaint, the motion is considered one for judgment on the pleadings. *E.g. McGlone v. Bell*, 681 F.3d 718, 728 n.2 (6th Cir. 2012); *accord.* Fed. R. Civ. P. 12(c). The same legal standard applies. *See United Food & Com. Workers, Loc. 1995 v. Kroger Co.*, 51 F.4th 197, 202 (6th Cir. 2022). "[A]ll well-pleaded material allegations of the [complaint] must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Saalim*, 97 F.4th at 1001 (quoting *Moderwell v. Cuyahoga Cnty., Ohio*, 997 F.3d 653, 659 (6th Cir. 2021)). Any "legal conclusions or unwarranted factual inferences" in the complaint do not control. *Id.* (quoting *Moderwell*, 997 F.3d at 659); *see also Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

## III. ANALYSIS

The Court will first address which documents it may consider at this stage, then whether the Heirs' complaint is timely.

---

[5] *See* Complaint, *James v. Koropey*, No. 22-CI-105 (Ky. Warren Cir. Ct. Feb. 1, 2022).

### A.  Matters Outside the Pleadings

The Heirs attached several estate planning documents to their complaint. [DE 1]. Those "written instrument[s]" are "part of the pleading for all purposes." Fed. R. Civ. P. 10(c); *accord. Saalim*, 97 F.4th at 1002. What to do with the parties' many attachments to their briefs is not so straightforward. *See Schmidt v. PennyMac Loan Servs., LLC*, 106 F. Supp. 3d 859, 864 (E.D. Mich. 2015) ("briefs are not pleadings"); *accord.* Fed. R. Civ. P. 7. Thomas has submitted several state court documents: two court orders [13-2; 15-2], the Heirs' complaint against Janice [13-3], and a brief filed for Janice with exhibits including Thomas's own affidavit [15-1]. With their response, the Heirs have submitted an additional state court order. [DE 14-2]. They have also filed a new exhibit: correspondence purporting to show that they first received a copy of Janice's 2021 will in March or April 2024. [DE 14-3].

The Heirs argue that Thomas's attachments "should be stricken and excluded by the Court." [DE 14-1 at 104–05]. Citing Rule 12(d), they alternatively argue that if Thomas's attachments are not excluded, the Court must convert her motion to one for summary judgment, equally consider their new exhibit, and allow discovery. [*Id.* at 105, 107]. Thomas counters that the Court may consider her attachments without converting the motion because they are public records, referenced in the complaint, and central to the Heirs' claims. [DE 13-1 at 75; DE 15 at 119–21].

Rule 12(d) is not absolute. *See Diei v. Boyd*, 116 F.4th 637, 643–44 (6th Cir. 2024); *see also Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). There are at least two categories of outside material that courts may consider at the pleadings stage: (1) "matters of public record" and (2) "documents" that are both "referred to in the complaint" and "central to the plaintiff's claim." *Saalim*, 97 F.4th at 1002. "Fairness and efficiency require this practice." *In re Omnicare,*

*Inc. Sec. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014); *see also Moyer v. Gov't Emps. Ins.,* 114 F.4th 563, 568 (6th Cir. 2024).

All of Thomas's attachments are court records from other litigation. Indisputably, "documents from other court proceedings" are "public records." *Watermark Senior Living Ret. Communities, Inc. v. Morrison Mgmt. Specialists, Inc.*, 905 F.3d 421, 425–26 (6th Cir. 2018). The Heirs have not challenged those attachments' authenticity or completeness. *See Moyer,* 114 F.4th at 568 ("[A]t least when the documents appear self-authenticating . . . [p]laintiffs must . . . raise supported arguments that the documents are not what the defendant[] claim[s]."). This Court may take judicial notice of such records' existence whether a party files them as attachments or not. *See Wershe v. City of Detroit, Michigan*, 112 F.4th 357, 373 (6th Cir. 2024); *Carvajal Vasquez v. Gamba Acevedo*, 931 F.3d 519, 523 n.1 (6th Cir. 2019). The present circumstances are easily distinguished from those in *Thompson v. Optima 500, LLC*, which the Heirs cite [DE 14-1 at 105]. There, at the Rule 12 stage, a defendant asked this Court to consider the substance of an affidavit which had been originally filed in that same case. *See* No. 3:17-CV-00570-RGJ, 2018 WL 3313015, at *2 (W.D. Ky. July 5, 2018). Here, all of Thomas's attachments are court documents from other litigation.

It is not entirely clear whether Thomas asks the Court to consider her attachments' substance or merely their existence. [*See* DE 13-1 at 72; DE 15 at 119–21]. The Court may take judicial notice of relevant state court opinions and the Heirs' state court filings.[6] However, the Court's judicial notice is limited to the *existence* of those records. *See Wershe*, 112 F.4th at 373; *Carvajal Vasquez*, 931 F.3d at 523 n.1. The Court will not consider their substance. Likewise, the

---

[6] *E.g.* Order Affirming District Court, *Koropey*, No. 21-XX-6 (Feb. 10, 2022); Complaint, *James*, No. 22-CI-105 (Feb. 1, 2022); Motion to Intervene, *In re Estate*, No. 20-P-756 (Apr. 15, 2021); Order Dispensing with Further Administration, *In re Estate*, No. 20-P-756 (Mar. 24, 2021).

Court will disregard the Heirs' new exhibit [DE 14-3], which is inappropriate material at the pleadings stage. *See Caraway v. CoreCivic of Tennessee*, LLC, 98 F.4th 679, 688 (6th Cir. 2024) (noting district courts' "complete discretion" to ignore matters outside the pleadings).

### B. Timeliness of the Heirs' Complaint

Thomas's motion asserts that the Heirs' claims are time-barred. [DE 13-1 at 73–75]. Dismissal on these grounds can be appropriate if no critical facts are in dispute. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). Here, "[t]he parties dispute only which . . . date[] has legal significance as the accrual date." *Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp.*, 839 F.3d 458, 464 (6th Cir. 2016). "This is a question of law, not of fact," which the Court may address at this stage. *Id.* at 464; *see also Phelps*, 30 F.3d at 663.

Because this is a diversity case, the Court looks to Kentucky law in evaluating whether the Heirs' claims are timely.[7] *See Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 594 (6th Cir. 1999). The applicable statute of limitations provides in relevant part:

> [A] civil action, whether brought in tort or contract, arising out of any act or omission in rendering, or failing to render, professional services for others shall be brought within one (1) year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured.

Ky. Rev. Stat. § 413.245. The Heirs do not dispute [DE 14-1 at 100] that this broad statute covers their claims in this case. *See Seiller Waterman, LLC v. RLB Properties, Ltd.*, 610 S.W.3d 188, 203–05 (Ky. 2020); *accord.* Ky. Rev. Stat. § 413.243.

---

[7] The elements of the Heirs' negligence and fiduciary-duty claims are essentially the same: duty, breach, injury and legal causation. *See Finn v. Warren Cnty., Kentucky*, 768 F.3d 441, 451 (6th Cir. 2014) (citing *Wright v. House of Imps., Inc.,* 381 S.W.3d 209, 213 (Ky. 2012)); *Arnold v. Liberty Mut. Ins.,* 392 F. Supp. 3d 747, 775 (E.D. Ky. 2019) (citing *Baptist Physicians Lexington, Inc. v. New Lexington Clinic, P.S.C.*, 436 S.W.3d 189, 193 (Ky. 2013)).

Kentucky courts construe the statute as "actually contain[ing] two separate statutes of limitations." *Wolfe v. Kimmel*, 681 S.W.3d 7, 12 (Ky. 2023). The first is triggered on the "occurrence" date, meaning "the date of 'irrevocable non-speculative injury.'" *Michels v. Sklavos*, 869 S.W.2d 728, 730 (Ky. 1994) (quoting *Nw. Nat. Ins. v. Osborne*, 610 F. Supp. 126, 129 (E.D. Ky. 1985), *aff'd*, 787 F.2d 592 (6th Cir. 1986)). The second "codifi[es] . . . [t]he discovery rule," *Wolfe*, 681 S.W.3d at 13, "often function[ing] as a 'savings' clause or 'second bite at the apple' for tolling purposes," *Queensway Fin. Holdings Ltd. v. Cotton & Allen, P.S.C.*, 237 S.W.3d 141, 148 (Ky. 2007).

The Court will first address the "occurrence" limitation period because if the Heirs' complaint "was filed within one year of the 'date of occurrence,'" there is no need to address the discovery rule. *Michels*, 869 S.W.2d at 730.

### 1. *"Occurrence" Limitation Period*

Under the "occurrence" provision, "there should be some definable, readily ascertainable event which triggers the statute." *Nw. Nat. Ins.*, 610 F. Supp. at 128, *quoted in Queensway Fin. Holdings*, 237 S.W.3d at 147. That event sets the "date of 'irrevocable non-speculative injury,'" or "where negligence and damages have both occurred." *Michels*, 869 S.W.2d at 730 (quoting *Nw. Nat. Ins.*, 610 F. Supp. at 128–29). For a legal malpractice claim where "the underlying negligence occurred during the course of formal litigation," the claim does not accrue until "the underlying case is final." *Faris v. Stone*, 103 S.W.3d 1, 5 (Ky. 2003). For other professional negligence claims, "a claimant's damages are considered irrevocable and non-speculative when the claimant is reasonably certain that damages will indeed flow from the defendant's negligent act." *Wolfe*, 681 S.W.3d at 10; *see also Bd. of Educ. of Estill Cnty., Kentucky v. Zurich Ins.*, 180 F. Supp. 2d 890, 894 (E.D. Ky. 2002), *aff'd*, 84 F. App'x 516 (6th Cir. 2003).

According to the complaint, Thomas "never advised" Oleh and Janice that the 2014 estate planning documents would be ineffective if the spousal agreement "did not override the legal titling of their assets"; Thomas either drafted the documents incorrectly or failed to rectify the couple's misunderstanding of how the documents must function. [DE 1 at 5–6]. In the Heirs' own words, their "claims . . . are based upon the preparation and effectiveness of the Spousal Agreement with reciprocal wills . . . ." [DE 14-1 at 106]. The question is when it became "reasonably certain that damages w[ould] indeed flow from" Thomas's actions, *Wolfe*, 681 S.W.3d at 10, making the Heirs' damages "fixed and non-speculative," *Bd. of Educ. of Estill Cnty.*, 180 F. Supp. 2d at 894. The Court cannot conclusively determine this issue from the face of the Heirs' complaint and the mere existence of public records. *See Wershe*, 112 F.4th at 373.

Thomas argues that the Heirs' claims accrued by March 24, 2021, when the probate court established that the Heirs would not receive the "specific bequests" they expected.[8] [DE 13-1 at 74; DE 15 at 124]. As the Heirs correctly note, the probate court's order was only "a ministerial confirmation" of the assets in Oleh's estate. [DE 14-1 at 106]. *Queensway Financial Holdings* is analogous. There, a holding company's claimed damages "stem[med] from its overpayment" for an insurance business it had acquired. 237 S.W.3d at 149. Because those damages "became fixed and non-speculative" at the time of purchase, the company's professional negligence claims accrued at that time as well. *Id.* at 149–50. A later order to adjust the insurance business's reserves did not determine the accrual date; it "at most constituted inescapable proof" that the business had been misevaluated previously. *Id.* at 149–50. Here, the probate court's order is only a reflection of factual events. The existence of that court record does not establish March 24, 2021 as the accrual date for the Heirs' claims in this case.

---

[8] *See* Order Dispensing with Further Administration, *In re Estate*, No. 20-P-756 (Mar. 24, 2021).

The Heirs argue that their claims against Thomas will not accrue unless and until they fail to recover damages from Janice in their state court action. [DE 14-1 at 107–08]. They note that their claimed damages "would be mitigated" in this case if recovered in the state court action. [*Id.*]. "[M]itigating damages . . . simply has nothing to do with the statute of limitations." *Saalwaechter v. Carroll*, 525 S.W.3d 100, 108 (Ky. App. 2017). The pending state court litigation does not render their damages unfixed, revocable or speculative. *See Millers Lane Ctr., LLC v. Morgan & Pottinger, P.S.C.*, ___ S.W.3d ___, 2024 WL 2096721, at *9 (Ky. Ct. App. 2024) (to be published) (citing *Saalwaechter*, 525 S.W.3d at 105).

Certainly, the Heirs' claims have already accrued. However, no party has established a date "where negligence and damages have both occurred" which the Court may conclusively find at this stage. *Michels*, 869 S.W.2d at 730 (quoting *Nw. Nat. Ins.*, 610 F. Supp. at 128–29). The face of the complaint and the existence of other court records are not enough. *See Saalim*, 97 F.4th at 1001; *Wershe*, 112 F.4th at 373. Because the "occurrence" date for the Heirs' claims is uncertain, the Court will also address the statute's "discovered" limitations period. *Cf. Michels*, 869 S.W.2d at 730; *Queensway Fin. Holdings*, 237 S.W.3d at 148, 150.

### 2.  *"Discovered" Limitation Period*

"The 'discovery' limitation period begins to run when the cause of action was discovered or, in the exercise of reasonable diligence, should have been discovered by the plaintiff." *Millers Lane Ctr.*, ___ S.W.3d ___, 2024 WL 2096721, at *9 (citing *Queensway Financial Holdings*, 237 S.W.3d at 148). What matters is "knowledge that one has been wronged," not "knowledge that the wrong is actionable." *Wolfe*, 681 S.W.3d at 14 (quoting *Conway v. Huff*, 644 S.W.2d 333, 334 (Ky. 1982)).

The Heirs moved to intervene in the probate action on April 15, 2021.[9] However, at this stage, the Court may consider only that record's existence. *Wershe*, 112 F.4th at 373. The fact that the Heirs moved to intervene in the administration of their father's estate is not enough to conclusively establish that they knew they had been wronged in the handling of his affairs, whether by Thomas or others, on or before that date. *Cf. Queensway Fin. Holdings*, 237 S.W.3d at 150 (noting that discovery of the wrong, not the wrongdoer's identity, is generally what matters).

Thomas argues that the Heirs' awareness of their potential claims against her is demonstrated by their state court complaint against Janice, dated February 1, 2022.[10] [DE 13-1 at 74–75; DE 15 at 125]. But again, the Court may consider only that complaint's existence at this stage. *Wershe*, 112 F.4th at 373. The Heirs' discoveries of their claimed injuries in that case and this case could be distinct. The relationship or overlap between the Heirs' claimed injuries in each case must be established for their temporal relationship to be material. *See, e.g.*, *Saalwaechter*, 525 S.W.3d at 107 (related complaints filed five years apart); *see also Matherly Land Surveying*, 230 S.W.3d at 591 (complaint filed two years after letter detailing damages).

In their response brief, the Heirs argue that they did not discover their injuries until March or April 2024, when they first obtained a copy of Janice's 2021 will. [DE 14-1 at 107–08]. They failed to make this assertion in their complaint, *see Bishop*, 520 F.3d at 520, and the Court will not consider their evidentiary exhibit [DE 14-3] at this stage, *Saalim*, 97 F.4th at 1002. Even if such factual allegations were pleaded, that would not necessarily establish a discovery date in 2024.

Because Thomas has failed to definitively carry her burden, it is inappropriate to dismiss at this stage of the litigation. *See Saalim*, 97 F.4th at 1001 (quoting *Moderwell*, 997 F.3d at 659).

---

[9] *See* Motion to Intervene, *In re Estate*, No. 20-P-756 (Apr. 15, 2021).
[10] *See* Complaint, *James*, No. 22-CI-105 (Feb. 1, 2022).

## IV. CONCLUSION

For the foregoing reasons, Thomas's motion to dismiss is **DENIED**. The Court will

separately refer the parties to the magistrate judge for a Rule 16 conference.

Rebecca Grady Jennings, District Judge

United States District Court

November 6, 2024

11