UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NUMBER 1:24-CV-00061-RGJ-LLK

LESIA R. JAMES, LENA M. KOROPEY,
BORIS O. KOROPEY                                                                                        PLAINTIFFS

v.

LINDA THOMAS, ESQUIRE                                                                                    DEFENDANT

## OPINION AND ORDER

This case was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A), for resolution of all litigation planning issues, a scheduling conference, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issue. Text Order of December 9, 2024 [DN 20]. Before the Court is Defendant's February 19, 2025, Motion to Deem Requests for Admission Admitted and Objections Waived. Motion [DN 30]. Plaintiffs responded on February 25, Response [DN 31], and Defendants replied on February 27, Reply [DN 32].[1] The matter being ripe for review, the Motion, [DN 30] is **DENIED.**

## DISCUSSION

This is an action for attorney negligence and breach of fiduciary duty in connection with Defendant's preparation of a spousal agreement and reciprocal wills. *See generally* Complaint [DN 1]. On January 6, 2025, Defendant emailed interrogatories ("ROGs"), requests for

---

[1] Because Defendants filed a Sur-Reply, [DN 33], without leave from the Court, it need not be considered. *See Chenault v. Randstad USA Mfg. & Logistics*, No. 5:18-CV-276-KKC, 2019 U.S. Dist. LEXIS 84433, at *9 (E.D. Ky. May 20, 2019).

1

production ("RFPs"), and requests for admission ("RFAs") to Plaintiffs' counsel and filed a one-page Notice of Service of Discovery with the Court. Notice [DN 22]; Motion [DN 30] at 2; Response [DN 31] at 1-2. In the instant Motion, Defendant asks the Court to deem Plaintiff's objections to the RFPs and ROGs waived and the RFAs admitted, as Plaintiffs did not respond by the purported February 6 deadline. It is uncontested that prior to requesting Court intervention:

- Defendant never sought to resolve the dispute with Plaintiffs, and
- Defendant never attempted to "serve" the actual discovery requests on Plaintiffs by any means other than e-mail.

Failure to Confer

Defendant's Motion fails to comply with basic requirements outlined by the Federal and Local Rules, which mandate that a party filing a discovery motion attach a certification that counsel has first attempted to confer with the non-moving party to resolve the dispute. *See* Fed. R. Civ. P. 37(a)(1); LR 37.1 ("Prior to filing a discovery motion, all counsel must make a good faith effort to resolve extrajudicially any dispute relating to discovery.") Defendant argues that the rules do not apply to them, since there is no true "dispute relating to discovery," and waiver has taken effect "[a]s a matter of law." Reply [DN 32] at 3. Defendant's contention that there is no "dispute" is meritless.

Defendant argues service of discovery was proper; Plaintiffs argue it was not. Defendant argues that Plaintiffs waived objections to written discovery; Plaintiffs argue they have not. Defendant argues that Plaintiffs admitted to its RFAs; Plaintiffs argue they have not. These are discovery disputes. Federal Rules of Civil Procedure 33, 34, and 36—pursuant to which

2

Defendant's Motion is made, *see* Motion [DN 30] at 1,—are located under the heading of "Depositions and Discovery." A dispute over whether discovery requests are properly served is, without question, a "dispute relating to discovery[.]" LR 37.1.

Defendant is reminded that the first Rule of Civil Procedure is aimed at the efficient determination of cases. *See* Fed. R. Civ. P. 1 (stating that the rules "should be construed, administered, and employed by the court *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding.") (emphasis added). Should this dispute require the Court's resources any further, the parties are to jointly contact Chambers to schedule a status conference.

Ineffective Service

Defendant argues that it served Plaintiffs with discovery on January 6, 2025, via an email. Motion [DN 30] at 2. Plaintiffs correctly respond that a party must provide express, written consent to service by email, and they did not provide such consent. Response [DN 31] at 2-3. This Court and courts in the Sixth Circuit have consistently held that written consent is mandated by Fed. R. Civ. P. 5 (b)(2)(E). *See Brewer v. Air Prods. & Chems., Inc.*, No. 5:23-CV-00123-BJB-HBB, 2024 U.S. Dist. LEXIS 123912, *10 (W.D. Ky. July 15, 2024) (recognizing "mandatory nature of consent for service by e-mail") (collecting cases); *Wedding v. Madisonville Health & Rehab. LLC*, No. 4:24-CV-00044-BJB-HBB, 2024 U.S. Dist. LEXIS 196701, *5-6 (W.D. Ky. Oct. 29, 2024) (same).

In Reply, Defendant makes the same argument that was rejected in *Wedding*, i.e., that "the requests were also served on [Plaintiffs] through filing with the Courts electronic-filing system." *Wedding*, 2024 U.S. Dist. LEXIS 196701, *5. Rule 5 and the cases cited by Plaintiff

make clear that service of discovery by CM/ECF is invalid and inappropriate. *See id.* ("As to Wedding's contention that she served Madisonville Health through the Court's electronic filing system, Rule 5 does not contemplate the use of the electronic filing system as a means of serving discovery requests."); *Brewer*, 2024 U.S. Dist. LEXIS 123912 at *5 n.3 ("Service of requests for admission through the Court's electronic filing system was not an option in this instance, as Fed. R. Civ. P. 5(d)(1)(A) provides that discovery requests are not filed of record until they are used in court proceedings.") Furthermore, Defendant does not claim to have served the actual requests on Plaintiff through the Court's e-filing system; rather, Defendant merely claims to have filed a Notice of Service via CM/ECF. [2] *See* Notice [DN 22]; Reply [DN 32] at 1-3.

## CONCLUSION

Because Defendant failed to comply with Rule 37, and because Defendant's service of discovery was ineffective, the Motion to Deem Requests for Admission Admitted and Objections Waived, Motion [DN 30], is **DENIED.**

April 21, 2025

Lanny King, Magistrate Judge
United States District Court

---

[2] Defendant's reliance on *Holland v. Red River Trucking*, is misplaced. Civil Action No. 10-cv-218-JMH, 2011 U.S. Dist. LEXIS 167486 (E.D. Ky. Jan. 12, 2011). First, the motion that was the subject of the service-dispute was filed in-whole on CM/ECF. Second, the filing was not a discovery request or response.