UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NUMBER 1:24-CV-00061-RGJ-LLK

**LESIA R. JAMES, et al,**                                                                                       **PLAINTIFFS**

**v.**

**LINDA THOMAS, ESQUIRE**                                                                                **DEFENDANT**

### OPINION AND ORDER

This case was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A), for resolution of all litigation planning issues, a scheduling conference, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues. Text Order of December 9, 2024 [DN 20]. Before the Court is Plaintiffs' Motion to Compel Production. Motion [DN 34].[1] Defendant responded, Response [DN 36], and Plaintiffs replied, Reply [DN 38]. The matter being ripe for review, the Motion is **GRANTED** in part and **DENIED** in part**.**

### DISCUSSION

This is an action for attorney negligence and breach of fiduciary duty in connection with Defendant's preparation of a Spousal Agreement and Reciprocal Wills between Oleh Koropey (deceased) and Janice Koropey. *See generally* Complaint [DN 1]. Plaintiffs have also sued Janice

---

[1] As an initial matter, the Court notes that Movant has attached a certification that they attempted to resolve this dispute "by email to counsel for the Defendant" prior to seeking Court intervention. [DN 34-5]. The certification skirts the minimum requirements of the applicable rules which require an attempt to confer in "good faith," *see* Fed. R. Civ. P. 37(a)(1), and details of such attempts, *see* LR 37.1. The Motion itself does provide some minimal detail. [DN 34] ¶12. Going forward, the parties are required to meet in-person or by telephone in attempting to resolve disputes, and prior to filing any motion, must jointly contact the Court to schedule a status conference.

1

Koropey in the Circuit Court for Warren County, Kentucky ("State Court Action" or "State Court") for her alleged breach of the spousal agreement. Response [DN 36] ¶4. In the action before this Court, Plaintiffs allege Defendant breached her fiduciary duties and was negligent in preparing the estate planning documents for Oleh Koropey.[2] *Id.* ¶ 5; Complaint [DN 1] ¶¶44-56.

The Motion asks the Court to compel production of documents and communications prepared by Defendant concerning her representation of Oleh Koropey. Requests for Production [DN 34-1]. Defendant objected to a substantial portion of the requests, claiming attorney-client privilege, and citing to a State Court ruling which denied similar requests on grounds of privilege. Motion [DN 34] ¶7; Response [DN 36] ¶7 (State Court finding documents protected by KRE 503).

In seeking to compel production, Plaintiffs argue that:

**1)** Defendant agreed to waive, or not assert, privilege in jointly prepared Rule 26(f) Status Reports, *see* Status Reports [DNs 23, 35], and

**2)** an exception to privilege applies, and the State Court was clearly erroneous in finding that the documents and communications are privileged.

### ANALYSIS

District courts have broad discretion over docket control and the discovery process. *See In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996). "It is well established that the scope of discovery is within the sound discretion of the trial court." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993) (citation omitted). Motions to compel discovery responses are authorized where a party fails to provide proper responses to requests for production of documents under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose,

---

[2] For a more detailed recitation of facts, *see* the Order on Motion to Stay, entered concurrently.

answer or respond." Fed. R. Civ. P. 37(a)(4). As this Court has often remarked, the moving party bears the initial burden of demonstrating relevance as to the information or materials sought. *Burrell v. Duhon*, No. 518CV00141TBRLLK, 2019 WL 5260481, at *2 (W.D. Ky. Oct. 17, 2019) (citing *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010); *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 309–10 (W.D. Tenn. 2008)). Once met, the burden shifts to "the party objecting to the motion to compel to show in what respects the discovery requests are improper." *Polylok, Inc. v. Bear Onsite, LLC*, No. 3:12-CV-00535-DJH-CHL, 2017 WL 1102698, at *3 (W.D. Ky. March 23, 2017) (citing *Kafele v. Javitch, Block, Eisen & Rathborne*, No. 2:03cv00638, 2005 WL 5095186, at *1 (S.D. Ohio April 20, 2005)).

In a diversity case such as this one, the court applies state law to resolve attorney-client privilege issues. *Sazerac Co., Inc. v. Republic Nat'l Distrib. Co., LLC*, No. 3:23-CV-00025-GNS-LLK, 2024 WL 4426427, at *2 (W.D. Ky. Oct. 4, 2024). Kentucky Rule of Evidence 503(d)(2) concerns "[c]laimants through [the] same deceased client" and states that there is no attorney-client privilege "[a]s to a communication relevant to an issue between parties who claim through the same deceased client, regardless of whether the claims are by testate or intestate succession or by transaction inter vivos[.]" KRE Rule 503(d)(2).

   1) **<u>Agreement on Privilege Exception</u>**

Pursuant to the Court's January 29, 2025, Order Continuing Rule 16 Conference, [DN 26], the parties prepared an Amended Status Report, [DN 35], outlining their respective positions on discovery and whether resolution of the State Court Action is necessary for this case to proceed. *Id.* at 1-2. The Amended Status Report included sections where, the parties being in agreement, a single narrative outlined information for the Court. *See, e.g.,* [DN 35] at 1 ("Status of the Warren County Circuit Court Action.") Other sections included Plaintiffs' and Defendant's respective, contrary positions on certain issues, in lieu of or in addition to a joint

narrative. One such section included the parties' "Discovery Plan." *Id.* at 2-3. The jointly prepared, agreed-to portion states that due to a recognized exception for communications relevant to the estate of a deceased client, the documents and communication Plaintiffs seek are not privileged:

> The parties do not expect any unique discovery issues. Although communications and documents which Plaintiffs will seek from the Defendant relating to her estate planning and drafting for Oleh and Janice would normally be subject to attorney client privilege, the exception for communications relevant to the estate of a deceased client applies. The parties do request the entry of a Federal Rules of Evidence 502(d) non-waiver order.[3]

*Id.* at 2.

Plaintiffs contend that this jointly prepared statement (in addition to their discussions prior to submitting the Status Report) constitutes an agreement to not raise attorney-client privilege objections to the discovery requests currently under review. Motion [DN 34] ¶7.

Any discovery agreement to waive privilege (even if such agreement could be binding via submission of a Status Report) would be unenforceable in this context. "The privilege accorded the attorney-client relationship is for the benefit of the client and not the attorney," *Mahaffey v. McMahon*, 630 S.W.2d 68, 69 (Ky. 1982), and Defendant-attorney Thomas cannot unilaterally waive her client's privilege.

### 2) State Court Action Ruling that Communications are Privileged

Because the parties do not appear to contest the relevance of the requested documents, it is the burden of "the party objecting to the motion to compel to show in what respects the discovery requests are improper." *Patti's Holding Co., LLC v. Zurich Am. Ins. Co.*, No. 5:20-cv-84-BJB, 2025 U.S. Dist. LEXIS 60419, at *4 (W.D. Ky. Mar. 31, 2025) (quotations and citations

---

[3] The Court has considered the joint request and is prepared to enter a FRE 502(d) non-waiver order, preserving privilege as to inadvertently produced documents, with the entry of the scheduling order.

omitted). Defendant, who bears the burden of demonstrating that the requests are improper, argues that the State Court ruling on attorney-client privilege mandates that this Court likewise hold that the communications at issue are privileged in this action; however, Defendant has not provided this Court with a basis for determining that the State Court's ruling is preclusive.[4]

As explained in more detail in the concurrently entered Order on Motion to Stay, and argued by Plaintiffs in briefing, *see, e.g.,* Motion [DN 34] ¶13; Reply [DN 38] ¶3, this federal action and the State Court Action, while having some overlap of parties and facts, are separate causes of action raised against distinct parties in each forum. The State Court order concerned Janice Koropey and her alleged breach of a spousal agreement and fiduciary duties as executor of Oleh's estate; this federal action concerns attorney negligence and breach of fiduciary duty by a lawyer, Defendant Thomas. On the current record, the Court is unable to find that the State Court ruled on the distinct issues related to discovery in this case. Accordingly, the Court need not opine as to any purported error in the State Court's ruling and only determines that the exception may apply to this action against Defendant for breach of duty to Oleh Koropey.

Plaintiffs cite several cases which comment on the privilege exception recognized in KRE Rule 503(d)(2): "Claimants through same deceased client." This exception states that there is no privilege "[a]s to a communication relevant to an issue between parties who claim through the same deceased client, regardless of whether the claims are by testate or intestate succession or by transaction inter vivos[.]" *See Hood v. Nichol*, 236 Ky. 779, 793 (1930) ("[C]ommunications by client to the attorney who drafted his will in respect to that document

---

[4] In a one-page order—which is the only document proffered to facilitate the Court's understanding of the State Court's reasoning and consideration—the State Court only ruled that the communications "arise out of Ms. Thomas' representation of Janice H. Koropey and Oleh B. Koropey. Counsel for Janice H. Koropey asserted the attorney-client privilege. The Court rules that the documents requested by the plaintiffs are protected by KRE 503." [DN 36-2] at 2. This order was entered in the context of a breach of contract claim, not a claim for an attorney's breach of duty that is at issue here. Based on the current record, it is not even clear that the State Court considered the exception at issue here.

and all transactions occurring between them leading up to its execution are not, after the client's death, within the protection of the rule as to privileged communications in a suit between the testator's heirs or devisees or other parties who claim under him."); *Adams v. Flora*, 445 S.W.2d 420, 422 (Ky. 1969) ("[I]n cases involving wills it has been held that a communication from the client concerning the preparation of the will is, after the death of the client, no longer a privileged communication.") Thus, under the exception, privilege may not apply to "communications by [Oleh Koropey (deceased)] to the attorney who drafted his will," Defendant Thomas. *See Hood*, 236 Ky. at 793.

While no Kentucky courts appear to have analyzed a situation like the present—where the deceased-client exception to privilege may apply to communications that are claimed to be privileged by a surviving, jointly represented client—at least one court has provided some guidance. In interpreting the Restatement (Third) of the Law Governing Lawyers § 81 cmt. b (2000), which is similar to the exception codified in KRE Rule 503(d)(2), the Third Circuit Court of Appeals held that "the implied waiver principle underlying the testamentary exception limits its application to communications between a deceased client and his or her attorney." *Kyriakopoulos v. Maigetter*, 121 F.4th 1017, 1023 (3d Cir. 2024). While this Court declines to adopt the Third Circuit's holding in full, it is persuaded by its finding that the testamentary exception only applies to communications between a deceased client and the client's lawyer— that is in this case, between Oleh Koropey and Defendant Thomas—but does not extend to communications between a surviving privilege-claimant and the same lawyer—that is, between Janice Koropey and Defendant Thomas. The deceased client cannot impliedly waive a privilege that his surviving spouse expressly claims. *See id.* ("[W] whatever [were the intentions of the

6

deceased client], and however vital they may be to resolving a legal dispute, they do not grant the deceased client the power to waive a privilege held by others.")

## CONCLUSION

In conclusion, the Court will **GRANT** Plaintiffs' Motion to Compel Production, Motion [DN 34], as it relates to communications and documents between Oleh Koropey and Defendant Thomas but **DENIES** the Motion with respect to communications between Janice Koropey and Defendant Thomas. As to joint communications, Defendant may redact statements made by Janice Koropey but must produce communications made by Oleh Koropey, if contained within the same document or communication. In accord with the above, Defendant shall produce the documents and communications requested by Plaintiffs in their First Request for Production, within fifteen (15) days of the entry of this Order. The parties have not briefed, and the Court does not address in this Order, work-product protection or other privilege exceptions.

May 13, 2025

Lanny King, Magistrate Judge
United States District Court