UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NUMBER 1:24-CV-00061-RGJ-LLK

**LESIA R. JAMES, et al,**                                                             **PLAINTIFFS**

v.

**LINDA THOMAS, ESQUIRE**                                                **DEFENDANT**

## OPINION AND ORDER

This case was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A), for resolution of all litigation planning issues, a scheduling conference, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues. Text Order of December 9, 2024 [DN 20]. Defendant Thomas has moved to stay this action pending the resolution of related litigation currently pending in Warren Circuit Court, Civil Action No. 22-CI-00105 (or "State Court Action"). [DN 37]. For the reasons stated below, the Court **DENIES** Defendant Thomas's Motion to Stay.

## BACKGROUND

The dispute presently before this Court is a legal malpractice case against Defendant attorney Linda Thomas by the children/heirs of Oleh Koropey. Husband and wife Oleh and Janice Koropey ("Oleh" and "Janice") each had children by previous marriages when they married, but

no children from their marriage to each other.[1] Attorney Linda Thomas prepared numerous legal documents for Oleh and Janice, including a Spousal Agreement and Reciprocal Wills. Plaintiffs Lesia R. James, Lena M. Koropey, and Boris O. Koropey ("Oleh's children/heirs") believe that they were wrongly deprived of "specific bequests" intended for them following their father's death under Oleh and Janice's Spousal Agreement and Reciprocal Wills.

According to Plaintiffs' Complaint, Defendant Thomas prepared a Spousal Agreement and Reciprocal Wills for Oleh and Janice which were executed on January 6, 2014, in order "to memorialize the spouses' agreement" for the allocation and distribution of their estates "to the respective sets of children from their prior marriages." Complaint [DN 1] at 3. On that day, Oleh also executed a deed to the marital residence to place it in their joint names. *Id*. at 4. In addition, the couple jointly owned bank accounts and three real estate investment properties. *Id*. According to the Plaintiffs, "[t]he Spousal Agreement and Reciprocal Wills provided for specific bequests to the spouses' respective sets of children from their first marriages and for the ultimate division of the proceeds of sale of the three real estate investment properties upon the death of the second spouse equally between the two sets of children from their first marriages." *Id*. Specifically, Plaintiffs allege that "[t]he Spousal Agreement and Reciprocal Wills provided that if the Colonel (Oleh) predeceased Janice, his children would receive specific bequests of $70,000, and then ½ of the proceeds of sale of the three investment properties upon the death of Janice." *Id*.

Defendant Thomas was the estate planning attorney who drafted the Spousal Agreement and Reciprocal Wills for Oleh and Janice. According to Plaintiffs, Defendant Thomas never advised Oleh or Janice Koropey that the Spousal Agreement and Reciprocal Wills would be

---

[1] Plaintiffs herein are the three children of Oleh Koropey from his first marriage. Complaint [DN 1] ¶14. Janice had four children from her first marriage: Thor, Erik and Dirk Himley, and Keire Unique. Complaint [DN 1] ¶15. Oleh and Janice had no children by their marriage. Complaint [DN 1] ¶16.

2

without any effect if they did not override the legal titling of their assets. Complaint [DN 1] at 5. After the Spousal Agreement and Reciprocal Wills were executed, the three investment properties were transferred into a limited liability company (LLC) owned jointly by Oleh and Janice, which LLC was later transferred into only Janice's name in order to qualify as a woman-owned enterprise. *Id*. According to Plaintiffs, the Spousal Agreement was never amended or terminated. *Id*. Oleh predeceased Janice on November 6, 2020, and Janice was appointed executor of his estate in Warren County District Court. Defendant Thomas represented Janice in administering Oleh's estate, and they took the position that all assets were either in Janice's ownership or passed to her under joint tenancy. Under this theory, Oleh's estate was left with only nominal personal property, and Janice was able to obtain a Court Order dispensing with Oleh's estate administration. *Id*. Oleh's children/heirs were unsuccessful in getting the March 24, 2021, Order Dispensing with Formal Administration of Oleh's will set aside. On April 9, 2021, Defendant Thomas prepared a will executed by Janice Koropey leaving nothing to Plaintiffs and everything to her own children. [DN 1] at 6.

Oleh's children/heirs filed suit against Janice Koropey individually and as Executor of the Estate of Oleh B. Koropey in Warren County Circuit Court Civil Action 22-CI-00105, the "State Court Action" more fully discussed below.

**Warren County, Kentucky Circuit Court Litigation ("State Court Action" or "State Court")**. District Court Judge Jennings has taken judicial notice of the related State Court Action, as noted in her Memorandum Opinion and Order denying Defendant Thomas's Motion to Dismiss, *see* [DN 16] at 2. Because Plaintiffs believed they were wrongly deprived of the specific bequests to them under the 2014 Spousal Agreement and Reciprocal Wills, and their attempts to intervene in the probate of Oleh's estate were unsuccessful, they then sued Janice in State Court for breach

3

of the Spousal Agreement seeking recovery of their specific bequests and other relief. The State Court Action against Janice is still pending,[2] and competing Motions for Summary Judgment have been filed by the parties.[3]

Finally, Plaintiffs filed the instant case against Oleh and Janice Koropey's estate attorney Linda Thomas for negligence and breach of fiduciary duty, seeking damages in amounts equal to the specific bequests due them under the Spousal Agreement and Reciprocal Wills.

## LEGAL STANDARD

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given to them." *Colorado River Water Conservation District v. United States*, 424 U.S. 800 at 817 (1976). Nonetheless, a federal district court has authority to stay cases before it pending resolution of a decision in a separate, companion court case under various abstention doctrines or pursuant to the court's incidental, inherent power to control its docket under *Landis v. North American Co.*, 299 U.S. 248 (1936). The parties have not argued that *Colorado River* Abstention applies to this case.[4]

Under *Landis*, the Court has inherent power to stay proceedings pending the resolution of the same or related issues in another forum. When considering such a motion, however, the Court places the burden on the party seeking a stay to demonstrate a clear hardship or inequity if the present action moves forward, to address the injury done to the opposing party, and to evaluate the

---

[2] *James v. Koropey*, 22-CI-105 (Ky. Warren Circuit Court, February 1, 2022).
[3] Kentucky CourtNet indicates that Plaintiffs' Motion for Partial Summary Judgment As to Breach of The Spousal Agreement by Janice Koropey was filed on March 28, 2025, and Janice Koropey has filed a competing Motion for Summary Judgment. Both motions are set for hearing on May 19, 2025.
[4] Without undertaking in-depth Colorado River Abstention analysis, the Court notes that the state and federal court cases at issue in the present dispute would likely fail the first hurdle of Colorado River analysis as they are not parallel. That is, though the cases may arise out of the same set of facts, involve similar parties, and may require some similar evidence, the State Court Action will not necessarily resolve the federal case. Colorado River Abstention thus foreclosed, the Court will proceed to analyze the Motion using the Landis or "inherent powers" stay criteria.

public interest, including the judiciary's interest in efficiency, economy, and fairness: "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for self, for counsel, and for litigants." *Landis*, 299 U.S. 248, 254; *see also Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194 (6th Cir. 1983). Despite this broad power, courts must "tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *EMW Women's Surgical Center, P.S.C. v. Friedlander*, 591 F.Supp.3d 205 (W.D. Ky. 2022); citing *Ohio Envtl. Council v. U.S. Dist. Ct., So. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Ohio Envtl. Council* at 396 (quoting *Landis*, 299 U.S. at 255).

When determining whether to grant a stay, courts consider several factors: "the balance of the hardships, the potential harm to the public, and judicial economy and efficiency." *EMW Women's Surgical Center*, 591 F.Supp.3d at 212, citing *Caudill v. Wells Fargo Home Mortg., Inc.*, No. 5:16-066-DCR, 2016 WL 3820195, at *2 (E.D. Ky. Nov. 29, 2017) (quoting *IBEW, Local 2020 v. AT&T Network Syst.*, No. 88-3895, 1989 WL 78212, at *8 (6th Cir. July 17, 1989)). In other words, district courts weigh four factors in determining whether to grant a *Landis* stay: "[1] the potentiality of another case having a dispositive effect on the case to be stayed, [2] the judicial economy to be saved by waiting on a dispositive decision, [3] the public welfare, and [4] the hardship/prejudice to the party opposing the stay, given its duration." *Michael v. Ghee*, 325 F.Supp. 2d 829, 931 (N.D. Ohio 2004) (citing *Landis*, 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed. 153(1936)).

5

The Sixth Circuit has explained that "[w]hile no precise test has been developed to guide district courts in deciding whether to grant requested stays, courts have noted a number of relevant considerations" with "[t]he most important consideration [being] the balance of hardship." *FTC v. E.M.A. Nationwide*, 767 F.3d 611, 626-27 (6th Cir. 2014) (quoting *Ohio Env't. Council*, 565 F.2d at 396 (6th Cir. 1977)). "[T]he moving party has the burden of proving that it will suffer irreparable injury if the case moves forward, and that the non-moving party will not be injured by the stay." *IBEW, Local 2020 v. AT&T Network Sys.*, No. 88-3895, 1989 WL 78212, at *8 (6th Cir. July 17, 1989) (citing *Landis*, 299 U.S. at 255 (1936); *Ohio Envtl. Council*, 565 F.2d at 396). The moving party must show "there is a pressing need for delay, and that neither the other party nor the public will suffer harm from the stay." *Ohio Envtl. Council*, 565 F.2d at 396. If there is a "fair possibility" that the stay will harm the non-moving party, the movant must then make "a clear case of hardship or inequity" to go forward. *Id*. "[A] stay should not be for an 'indefinite duration in the absence of a pressing need.'" *Eldridge v. Cabela's Inc.*, No. 3:16-cv-536-DJH, 2017 WL 4364205, at *2 (W.D. Ky. Sept. 29, 2017) (quoting *Landis*, 299 U.S. at 355). In addition to the balance of hardships, courts commonly consider "the potential harm to the public, and judicial economy and efficiency" when granting a stay. *EMW Women's Surgical Ctr*. at 211 (citing *Caudill v. Wells Fargo Home Mortg., Inc.*, No. 5:16-066-DCR, 2016 WL 3820195, at *2 (E.D. Ky. July 11, 2016) (citing *IBEW*, 1989 WL 78212 at *8).

**DISCUSSION**

In support of her Motion, Defendant Thomas argues that this federal action should be stayed pending resolution of the State Court Action. Defendant Thomas posits that, whatever the outcome, the State Court Action will have "direct dispositive effect on this action." [DN 37] at 3.

Defendant Thomas contends that if Plaintiffs lose in the State Court breach of contract case against Executor Janice Koropey, the present action in federal court against Defendant Thomas fails; if Plaintiffs win against Janice in the State Court Action, this federal action fails. *Id*. According to Defendant Thomas, the State Court Action hinges upon one factual issue: "[d]eterminative of both causes of action is whether Oleh voluntarily removed from his estate all assets prior to his death. If so, both actions fail. If not, Plaintiffs may recover from Janice in the Koropey Lawsuit but will not be entitled to double recovery in this action." [DN 37] at 2-3. In contrast, Plaintiffs argue the opposite: that if the Spousal Agreement cannot be enforced and Oleh's will implemented, it will be because the Spousal Agreement and Oleh's Will prepared by Defendant Thomas were ineffectual. [DN 39] at 2.

The Plaintiffs' State Court Action pending in Warren Circuit Court is against Janice Koropey (individually and as executor of the estate of Oleh) and includes the following causes of action: 1) breach of the Spousal Agreement; 2) unjust enrichment; 3) breach of fiduciary duty; 4) fraudulent misrepresentation; 5) declaratory judgment; and 6) removal of executor Janice. State Court Complaint [DN 13-3]. The relief sought by Plaintiffs against Janice in the state action includes: 1) judgment against Janice; 2) trial by jury; 3) compensatory, incidental and consequential damages; 4) declaratory relief; 5) costs, attorney fees, and expenses; and 6) any other relief to which plaintiffs are entitled. *Id.* at 13-15.

Plaintiffs' federal case is brought solely against Oleh's estate attorney Linda Thomas for negligence and breach of fiduciary duty owed to them as Oleh's intended, named beneficiaries under his will and the Spousal Agreement. Complaint [DN 1]. The relief Plaintiffs seek in this federal court includes: 1) judgment against Defendant Thomas in the amount of the $70,000 bequests to each of them under Oleh's will; and 2) the value of their ½ interest in the intended sale

7

of the three investment properties upon the death of Janice. Complaint [DN 1] at 9. Certainly, there is overlap of some parties and facts in both cases, but there are separate causes of action raised against distinct parties in each forum. And while the damages sought are the same amounts based upon Oleh's intended specific bequests in the Spousal Agreement and Will, they are based upon completely separate legal theories against separate individuals with distinct fiduciary duties.

       1)      <u>The potentiality of another case having a dispositive effect on the case to be stayed</u>

With regard to this first *Landis* factor, there is a possibility that Janice could be found by the State Court to be in breach of the Spousal Agreement and Oleh's will, resulting in a remedy of either specific performance and/or an award of monetary damages in Plaintiffs' favor. An award of specific performance could result in Plaintiffs receiving the specific bequests of $70,000 each. However, the second part of the dispute is triggered upon an event that has not yet occurred: the sale of the rental properties upon the death of the second spouse. It is possible that a ruling in Warren Circuit Court could go entirely Plaintiffs' way, or entirely Janice's way. But it is also possible that the state court could find the specific bequests to Plaintiffs valid and enforceable, but not the half of the proceeds from the sale of the rental properties held exclusively by Janice through the LLC. At any rate, there are numerous possible findings that could occur in the State Court Action that would not have a completely dispositive effect upon the legal malpractice issues before this Court. At best, the Court finds that this *Landis* factor is neutral.

       2)      <u>The judicial economy to be saved by waiting on a dispositive decision</u>.

Relevant to the judicial economy and efficiency inquiry is whether "a separate suit in another jurisdiction involves the same issues and parties and is likely to consider adequately all interests before the court considering a stay." *IBEW, Local 2020*, 1989 WL 78212, at *8. Defendant Thomas argues that resolution of the State Court Action will have direct dispositive effect upon

this action. The Court sees some merit in this argument but would qualify that the State Court Action could have *some* direct dispositive effect upon this action. But these cases raise separate and distinct theories of liability, involve distinct fiduciary duties of an estate administrator and the drafting attorney, potentially differing theories and amounts of damages, and certainly involve differing discovery and evidentiary issues/rulings. That is, some discovery might be limited in the State Court Action in ways that it might not be limited in this federal action, or vice versa. Because the State Court is not considering "all interests before the court considering a stay," *see id.*, namely, the interests arising from the distinct claims of attorney negligence and breach of fiduciary duty, the Court finds this *Landis* factor to weigh in favor of Plaintiffs.

    3)    <u>The public welfare</u>.

Neither this case nor the related State Court Action in Warren Circuit Court involves issues of public import or concern. Unlike the case of *EMW Women's Surgical Center* cited above, this case does not concern the constitutionality of state laws or other matters of public policy. Accordingly, the Court finds this factor to be neutral.

    4)    <u>The hardship/prejudice to the party opposing the stay, given its potential duration</u>.

As noted above, the Sixth Circuit notes this factor is the most important in *Landis* analysis. In addition to claiming that the State Court Action will have direct dispositive effect on this action and that judicial economy dictates a stay, Defendant Thomas has asserted that the hardship/prejudice factor weighs in her favor, noting, "Plaintiffs will not be prejudiced by a stay of this action pending resolution of the Koropey Lawsuit because Thomas will be required to continue to defend against a clam that fails as a matter of law." [DN 37] at 4. Certainly, there are discovery expenses and litigation costs to take into account in both cases. And arguably Defendant Thomas could incur unnecessary costs in defending this federal case if Plaintiffs' damages are

9

completely resolved in the state court action. However, there are also outcomes in the State Court Action that could go against Plaintiffs and which could support Plaintiffs' claims of Defendant Thomas's alleged malpractice in preparing the estate documents. That is, Plaintiffs maintain that if they are unsuccessful against Janice in the State Court Action, it will be because the Spousal Agreement and Reciprocal Wills drafted by Defendant Thomas were ineffectual in carrying out Oleh's testamentary intent. There are costs that Defendant Thomas will incur in defending against this litigation while the underlying State Court Action is still underway. But those costs are already being incurred. Defendant Thomas' expenses in this case have been limited thus far given that only written discovery and motion practice have been undertaken. Furthermore, it is possible that the parties to the state action have exchanged discovery such that it will reduce the scope of discovery required in this case.

Defendant's motion puts forth little in the way of showing undue hardship or inequity. As noted above, the movant seeking a stay bears the burden of proving: 1) that it will suffer irreparable injury if the case moves forward, and 2) that the non-moving party will not be injured by the stay. Here, Defendant Thomas has not met her burden to show an absence of harm to Plaintiffs nor has she proven to the Court that she has a pressing need for an indefinite stay. In addition, there is no persuasive evidence that future efforts and expense will be avoided by a stay pending the outcome of the State Court litigation. While that case *could* impact or bear directly upon Defendant's case, it is not a foregone conclusion that the underlying action will be wholly dispositive of the present case. Judicial economy can be served by ensuring that this action proceeds in a timely manner; this case "being stalled in this Court's docket for an indefinite period" does not support judicial economy and efficiency. The balance of hardships weighs in favor of Plaintiffs. *EMW Women's Surgical Ctr.*, 591 F. Supp. 3d at 214.

In sum, this action "seeks to vindicate different rights, under different legal theories, on behalf of" different Plaintiffs. *IBEW, Local 2020*, 1989 WL 78212, at *9. "While some overlap of remedies is likely," the State Court Action's resolution will not "automatically protect the rights and interests" of Plaintiffs in this case. *See id.*

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion to Stay Action [DN 37] pending the outcome of the State Court Action, *Lesia R. James, et al. v. Janice Koropey*, Civil Action No. 22-CI-105, is **DENIED**.

May 13, 2025

Lanny King, Magistrate Judge
United States District Court