UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NUMBER 1:24-CV-00061-RGJ-LLK

LESIA R. JAMES, LENA M. KOROPEY,
BORIS O. KOROPEY                                                                    PLAINTIFFS

v.

LINDA THOMAS, ESQUIRE                                                          DEFENDANT

## OPINION AND ORDER

This case was referred to Magistrate Judge Lanny King, pursuant to 28 U.S.C. § 636(b)(1)(A), for resolution of all litigation planning issues, a scheduling conference, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issue. [DN 20]. Before the Court is Plaintiff's August 27, 2025, Motion to Compel Plaintiffs' in-person depositions. Motion [DN 54]. Plaintiffs responded on September 12, Response [DN 55], and the matter is ripe for determination. For the reasons that follow, the Court **GRANTS** Defendant Thomas's Motion and orders Plaintiffs to submit to in-person depositions in Bowling Green, Kentucky.

## Background[1]

This matter involves a legal malpractice case against Defendant attorney Linda Thomas by the children/heirs of Oleh Koropey who claim that Thomas was negligent and in breach of her fiduciary duty in preparing estate documents that wrongly deprived them of specific bequests

---

[1] The background to this action has been further summarized in the Court's previous orders. *See, e.g.,* [DNs 43 & 44].

1

their father intended for them. Plaintiffs first sought legal recourse in Warren County, Kentucky Circuit Court by attempting to intervene in the probate of their father's estate. When intervention in the estate was unsuccessful, they filed an action in Warren County, Kentucky Circuit Court against Janice Koropey (their father's widow) for breach of the Spousal Agreement. Finally, Plaintiffs filed this action in the United States District Court for the Western District of Kentucky, Bowling Green Division, seeking damages in amounts equal to the specific bequests due them under the Spousal Agreement and Reciprocal Wills that Defendant Thomas prepared. Complaint [DN 1].

## Legal Standard

The general rule is that the proper location of a plaintiff's deposition is in the forum where the litigation is pending. *Scooter Store, Inc. v. Spinlife.Com*, No. 10-18, 2011 WL 2118765, at *2-3 (S.D. Ohio May 25, 2011); *see also Murillo v. Dillard*, No. 1:15-CV-69-GNS, 2017 WL 2417953, at *2 (W.D. Ky. June 2, 2017) (recognizing the general proposition that "a plaintiff will be required to make himself or herself available for examination in the district in which suit was brought because the plaintiff selected the forum."). The basis for this rule is practical – in most cases, the plaintiff "has selected the forum." 8A Wright & Miller, Federal Practice & Procedure, § 2112 (3d Ed. 2010). Courts have also noted that this general rule loses some weight where the Plaintiff had no choice in choosing the forum. *FMC Techs. v. Sequoia Energy, LLC*, No. 05-376-DCR, 2006 U.S. Dist. LEXIS 44169, at *2 (E.D. Ky. June 26, 2006) (quotations and citations omitted); *Mosley v. Friauf*, 2023 U.S. Dist. LEXIS 96449, at *4 (E.D. Tenn. June 2, 2023); *see also see also Enguita v. Neoplan USA Corp.,* No. CV B-04-121, 2005

U.S. Dist. LEXIS 58856, at *2 (S.D. Tex. May 25, 2005) (explaining that the former standard that the plaintiff had to show "extreme hardship" has been "relaxed").

Any plaintiff seeking a deviation from the general rule may bring a motion pursuant to Federal Rule of Civil Procedure 26(c) and demonstrate good cause for protection against "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). To establish good cause, the moving party must demonstrate that "specific prejudice or harm will result from the absence of a protective order." *In re. Ohio Execution Protocol Litigation*, 845 F.3d 231 236 (6th Cir. 2016) (quoting *Father M. v. Various Tort Claimants (In. re. Roman Catholic Archbishop*), 661 F.3d 417, 424 (9th Cir. 2011)). The ordinary inconvenience of travel does not necessarily demonstrate good cause:

> The fact that depositions by remote means may be an economical and appropriate tool in some instances, at least where the parties agree on the means, or where extraordinary circumstances such as the medical infirmity of a deponent make an in-person examination unreasonably risky, does not mean that good cause has been shown to compel the taking of depositions by remote means across the board for all plaintiffs, based merely on the routine convenience and expense that is incident to participation in litigation by any party who chooses to file suit in a forum distant from their residence.

*In re Chrysler Pacifica Fire Recall Products Liability Litigation*, 737 F.Supp.3d 611, 618-619 (E.D. Mich. 2024) at 618-19.

A court may "liberally grant leave to take remote depositions where (i) the moving party has a legitimate reason for the request for a remote deposition, and (ii) there is no prejudice to the non-moving party." *Maker's Mark Distillery, Inc. v. Spalding Grp., Inc.*, 2022 U.S. Dist. LEXIS 177309, No. 3:19-CV-00014-GNS-LLK, 2022 U.S. Dist. LEXIS 177309, at *6 (W.D. Ky. Sep. 28, 2022) (internal quotations and citations omitted); *see also Mosley,* 2023 U.S. Dist. LEXIS 96449, at *4.

## Analysis

Defendant seeks to compel the depositions of Plaintiffs in person, in Bowling Green, Kentucky, noting that the depositions will be document laden and that the ability to assess Plaintiffs' credibility in person will be important. Plaintiffs seek to avoid the inconvenience and expense of appearing in Bowling Green, Kentucky. They are willing to appear via Zoom and note their distant locations from the Western District of Kentucky, residing in Florida, New Jersey and New York—each about eight hundred miles from Bowling Green. Response at 3. Plaintiffs also note that family caregiving obligations complicate travel arrangements. They argue that they had no real choice in selecting the forum, since Defendant is in Bowling Green and that is where the "actions and inactions at issue in this matter took place." Response at 5. Defendant posits that "all of the facts and circumstances giving rise to Plaintiffs' Complaint occurred in Bowling Green." Motion at 1.

Defendant argues that Plaintiffs have no legitimate reason for insisting upon remote depositions. Defendant cites to *Mosely v. Friauf*, 2023 U.S. Dist. LEXIS 96449 (E.D. Tenn. June 2, 2023), where the Court outlined factors for consideration:

> In weighing the hardship to the deponent of travel against the prejudice to his opponent of allowing remote deposition, courts consider the amount of money at stake in the case, the financial means of the distant party, the complexity of the issues involved, and whether the issues will turn on the deponent's credibility.

*Id.* at *5-6.

Plaintiffs do not present evidence of financial hardship, but instead argue that under Rule 26(c)(1), a court may, for good cause shown, issue an order protecting a party from "undue burden or expense." Plaintiffs concede that the amount in controversy in this case is in excess of one million dollars. [DN 55] at 6. Furthermore, the issues in this case are sufficiently complex to have necessitated three separate forums for resolution.

4

Defendant argues that he will be prejudiced by a remote deposition and his inability to properly assess Plaintiffs' credibility. Motion at 6-7. Specifically, he wants to question Plaintiffs on their "knowledge as to when their claims accrued and understanding of the various filings made by their counsel." *Id.* at 6. Some of this inquiry may closely border on the impermissible. "[A] lay witness cannot testify as to legal conclusions, and such questions exceed the permissible scope" of a deposition. *Brooks v. Caterpillar Glob. Mining Am., LLC*, Civil Action No. 4:14cv-00022-JHM, 2016 U.S. Dist. LEXIS 127975, at *15 (W.D. Ky. Sep. 19, 2016); *see also Torres v. Cty. of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985). But Defendant may inquire into Plaintiffs' factual basis and personal knowledge pertaining to certain legal claims or defenses. *See Woods v. Standard Fire Ins. Co*., 589 F. Supp. 3d 675, 685 (E.D. Ky. 2022).

The question of when Plaintiffs' claims accrued was thoroughly considered by District Judge Jennings in ruling on Defendant's Motion to Dismiss. *See* [DN 16]. The Court opined that certain factual and evidentiary questions could not properly be considered in ruling on the pleadings. *See, e.g., id.* at 7-10. The Court held that Defendant "failed to definitively carry her burden" and that it would be "inappropriate to dismiss at this stage of the litigation." *Id.* at 10. Factual questions are, however, properly considered at trial and in ruling on motions for summary judgement. Because Defendant may be limited in her ability to evaluate these critical, potentially dispositive factual questions, the Court finds sufficient prejudice to overcome Plaintiffs' showing of inconveniences due to having to travel. "Whether Plaintiff[s] had a forum choice is unclear, but initiating [this] action certainly was a choice. Plaintiff[s] should not be surprised and face[] no undue burden in coming" to Bowling Green to participate in depositions. *Am. Gen. Life Ins. Co. v. Harshman*, 299 F.R.D. 157, 158 (E.D. Ky. 2014).

5

**ORDER**

In light of the foregoing, **IT IS HEREBY ORDERED** that Defendant's Motion is **GRANTED**, and Plaintiffs will be required to appear for in-person depositions in Bowling Green, Kentucky.

**IT IS FURTHER ORDERED** that such depositions shall take place on or before November 30, 2025. The parties shall use best efforts to schedule Defendant Thomas's deposition contemporaneously, or shortly after the Plaintiffs' depositions have been completed.

October 16, 2025

Lanny King, Magistrate Judge
United States District Court