UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NUMBER 1:24-CV-00061-RGJ-LLK

**LESIA R. JAMES, et al,**                                                                 **PLAINTIFFS**

**v.**

**LINDA THOMAS, ESQUIRE**                                                        **DEFENDANT**

### OPINION AND ORDER

This case was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A), for resolution of all litigation planning issues, a scheduling conference, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues. Text Order of December 9, 2024 [DN 20]. Before the Court is Plaintiffs' Motion to Compel Production of Thor Himley Documentation. Motion [DN 62]. Defendant responded, Response [DN 63], and the time to reply, or seek leave to reply, has passed. The matter being ripe for review, the Motion is **GRANTED,** consistent with the following.

It bears noting at the outset that neither party cites to binding authority, or even helpful persuasive authority, on the central issue in dispute. Plaintiffs' Motion cites to a single case—an unpublished decision from a New York federal court. *See* Motion ¶ 20. In support of the crux of her argument, Defendant's Response cites (imprecisely) to an unpublished case from a Colorado state court. *See* Response ¶ 5. The parties are reminded that they are to confer in good faith—by telephone or in person—before bringing any further disputes to the Court's attention, *see* May 13, 2025 Order [DN 44] at 1 n.1, and any "motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it," *see* LR 7.1.

1

## LEGAL STANDARD

District courts have broad discretion over docket control and the discovery process. *See In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996). "It is well established that the scope of discovery is within the sound discretion of the trial court." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993) (citation omitted). The moving party bears the initial burden of demonstrating relevance as to the information or materials sought. *Burrell v. Duhon*, No. 518CV00141TBRLLK, 2019 WL 5260481, at *2 (W.D. Ky. Oct. 17, 2019) (citing *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010); *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 309–10 (W.D. Tenn. 2008)). Once met, the burden shifts to "the party objecting to the motion to compel to show in what respects the discovery requests are improper." *Polylok, Inc. v. Bear Onsite, LLC*, No. 3:12-CV-00535-DJH-CHL, 2017 WL 1102698, at *3 (W.D. Ky. March 23, 2017) (citing *Kafele v. Javitch, Block, Eisen & Rathborne*, No. 2:03cv00638, 2005 WL 5095186, at *1 (S.D. Ohio April 20, 2005)).

## ANALYSIS

This is a legal malpractice case against Defendant-attorney Linda Thomas by the children/heirs of Oleh Koropey.[1] Husband and wife Oleh and Janice Koropey each had children by previous marriages when they married. Plaintiffs, Oleh's children, believe that they were wrongly deprived of "specific bequests" intended for them under Oleh and Janice's Spousal Agreement and Reciprocal Wills. Thor Himley is the son of Janice from her first marriage, and Janice gave a General Power of Attorney to Thor on January 25, 2021, *see* ("GPOA") [DN 62-1], after becoming executrix of Oleh's estate. Plaintiff's current Motion seeks to compel

---

[1] The background to this action has been recited in more detail in the Court's prior orders, *see* [DNs 43, 44, 45, 61], and relevant facts are recalled in this opinion as required.

2

Defendant Thomas to produce "[a]ny correspondence with Thor Himley relating to the Spousal Agreement, any wills prepared for Oleh or Janice Koropey, the transfers of any real estate by them, or the administration of Oleh's estate." Motion ¶ 4.

Defendant does not argue that the communications at issue are irrelevant, and her sole objection is that they are privileged. *See* Response ¶ 1 ("[T]he only issue before the Court is whether the communications between Ms. Thomas and Thor Himley after execution of the power of attorney are privileged.")[2] In a diversity case such as this one, the Court applies state law to resolve attorney-client privilege issues. *Sazerac Co., Inc. v. Republic Nat'l Distrib. Co., LLC*, No. 3:23-CV-00025-GNS-LLK, 2024 WL 4426427, at *2 (W.D. Ky. Oct. 4, 2024); *Patti's Holding Co., LLC v. Zurich Am. Ins. Co.*, No. 5:20-cv-84-BJB, 2025 U.S. Dist. LEXIS 60419, at *4 n.2 (W.D. Ky. Mar. 31, 2025). "[T]he burden is on the party claiming the privilege to prove that it exists as to the communications so claimed." *St. Luke Hosps., Inc. v. Kopowski*, 160 S.W.3d 771, 775 (Ky. 2005).

The Response cites some relevant language from Kentucky's privilege statute and argues that communications between Thor—as attorney-in-fact and representative[3] of Janice—and Defendant Thomas are privileged. Response ¶¶ 4-5. KRE Rule 503(b) states that a client has a

---

[2] Communications between Thor and Thomas predating the GPOA have already been produced. Response ¶ 7.

[3] The language of KRE 503 and the GPOA indicate that a power of attorney, or attorney-in-fact, could invoke the attorney-client privilege on behalf of the principal-client in certain circumstances (although, for reasons discussed herein, those circumstances are not present in this case). A "representative of the client" includes a "person having authority to obtain professional legal services, or to act on advice thereby rendered on behalf of the client." KRE 503(a)(2). Janice's GPOA grants Thor broad authority to act as Janice's agent in legal actions. *See* GPOA at 1-3 (granting authority to "prosecute or defend any action to protect [Janice] or her property" and "contest, arbitrate, or settle any claim by or against" Janice); *see also* KRS § 457.350. KRE 503(c) also provides that the "privilege may be claimed by the client [or] the client's guardian or conservator[.]" The GPOA in this case does not appear to make Thor the guardian or conservator of Janice, *see* GPOA at 6, therefore, KRE 503(c) would not apply. KRE 503(a), however, could.

3

privilege to refuse to disclose "a confidential communication *made for the purpose of facilitating the rendition of professional legal services to the client*" between a "representative of the client and the client's lawyer[.]" KRE Rule 503(b)(1) (emphasis added); *Kentucky Guardianship Adm'rs, LLC v. Baptist Healthcare Sys., Inc.*, 635 S.W.3d 14, 28 (Ky. 2021) (Communication must be "made for the purpose of facilitating the rendition of professional legal services.") The Response does not address the requirement that a representative's communications must be made for legal purposes on behalf of the client.

Defendant does not argue that Thomas was Thor's individual attorney. Rather, Defendant argues that following the execution of Janice's GPOA on January 25, 2021, any communications between Thor and Thomas were privileged. "By virtue of the power of attorney, communications between Thor Himley and Ms. Thomas were in essence communications between Ms. Thomas and [Janice Koropey][4] that are not subject to disclosure." Response at 2-3 (citing *Vanderpool v. Loftness*, 2011 Colo. Dist. LEXIS 833 *2 (Colo. Dist. Ct. March 8, 2011)). Defendant paints with too broad a brush, and the GPOA cannot operate to shield all communications between Thor and Thomas. "[T]estimonial privileges are generally disfavored and should be strictly construed." *Stidham v. Clark*, 74 S.W.3d 719, 722–23 (Ky. 2002).

Defendant has the burden of showing that the attorney-client privilege applies. *St. Luke Hosps.*, 160 S.W.3d at 775. "[I]t is the proponent's duty to offer sufficient detail to each supposedly privileged document to persuade the court that the information in question is not

---

[4] The Court must assume that Defendant's Response included a typo in this sentence. *See* Response ¶ 5 ("By virtue of the power of attorney, communications between Thor Himley and Ms. Thomas were in essence communications between Ms. Thomas and Thor Himley[.]") (language directly copied from the Response).

4

discoverable." *Reynolds v. Wells*, No. 2016-SC-000134-MR, 2016 WL 7330067, at *3 (Ky. Dec. 15, 2016); *Lexington Pub. Libr. v. Clark*, 90 S.W.3d 53, 62 (Ky. 2002). As Plaintiffs note, Thor is not a disinterested party. Motion ¶ 2. At no point does the Response argue, state, or evince that Thor was acting in his capacity as Janice's representative and agent (as opposed to acting in his own personal capacity as an interested beneficiary) when he communicated with Thomas about Oleh's estate. Defendant's privilege log also does not appear to make this distinction. *See, e.g.,* [DN 63-1] at 3 ("E-mail between Defendant and T. Himley re funeral home expenses and money re O. Koropey estate.")

The actual quote from Defendant's cited authority on this point supports the proposition that a power of attorney, or attorney-in-fact, must be acting in his capacity as a representative of his principal for the privilege to apply. "As Adam Vanderpool's agent, communications between David Vanderpool and Plaintiff s counsel, *where David Vanderpool acted as an intermediary between counsel and Adam Vanderpool* are protected communications as long as those communications were within the scope of the attorney-client privilege's protections." *Vanderpool*, 2011 Colo. Dist. LEXIS 833 *2 (emphasis added). The Response "directly" quotes this sentence, yet it omits the emphasized language. The Response provides the Court with no indication, whatsoever, that this language—which when considered might significantly weaken Defendant's position—was omitted. *See* Response ¶ 5 ("As Adam Vanderpool's agent, communications between David Vanderpool and are protected communications as long as those communications were within the scope of the attorney-client privilege's communications.") (language directly copied from the Response).

While it does not appear that Kentucky courts have addressed the specific question of when an attorney-in-fact's communications with their principal's counsel are privileged, cases

5

from other jurisdictions suggest that the attorney-in-fact must have been acting in his capacity as the principal's facilitator of legal advice. *See Vanderpool*, 2011 Colo. Dist. LEXIS 833 *2; *Diamond Resorts U.S. Collection Dev., LLC v. US Consumer Att'ys, P.A.*, 519 F. Supp. 3d 1184, 1204 (S.D. Fla. 2021) ("[W]here the attorney-in-fact's involvement is not reasonably necessary, that involvement waives the privilege."); *see also Lexington Pub. Libr.*, 90 S.W.3d at 59 (indicating in *dicta* that a representative/employee must be acting to secure legal advice for the client/employer for the privilege to apply).

      Moreover, the Response does not demonstrate that the communications themselves relate to legal services. It states that Janice did not delegate her fiduciary duties as executrix to Thor. Response ¶ 9. While it broadly claims that communications after March 24, 2021, involve Plaintiffs' claims against Janice in the State Court Actions, the privilege log contains numerous entries relating to non-legal and unprivileged matters, or unspecific communication descriptions, after that date. *See, e.g.,* [DN 63-1] at 2 (April 23-24, 2021, "E-mail between Defendant, T. Himley, and Attorney A. Simpson re engagement of Attorney A. Simpson."); *Reynolds*, 2016 WL 7330067, at *3 ("[T]he mere fact of representation is not privileged… [Represented party] has offered us no basis for concluding that the contents of the contract include anything beyond a mere declaration of representation between [represented party] and his counsel."); [DN 63-1] at 3 (April 26, 2021, "E-mail between Defendant and T. Himley regarding statement for fees re O. Koropey estate and J. Koropey estate planning."); *United States v. Haddad*, 527 F.2d 537, 539 (6th Cir. 1975) ("The receipt of fees from a client is not usually within the privilege because the payment of a fee is not normally a matter of confidence or a communication."); [DN 63-1] at 1-2 (July 8, 2021, "E-mail between T. Himley, Attorney A. Simpson, and Defendant re correspondence with Attorney D. Cole re financial records for O. Koropey estate."); *Reynolds*,

2016 WL 7330067, at *3 ("[I]f there is any information within the letter advising [party] of legal opinions, strategy, etc., [party] should have offered a more robust privilege log fully apprising the trial court that the letter contained confidential information.")

When communications from a client's representative to the client's counsel may have one of two purposes, "obtaining legal advice must be the primary or predominant purpose of the confidential communication to fall under the privilege." *Frankfort Reg'l Med. Ctr. v. Shepherd*, No. 2015-SC-000438-MR, 2016 WL 3376030, at *10 (Ky. June 16, 2016); *see also Lexington Pub. Libr.* 90 S.W.3d at 60 (The attorney-client privilege "is triggered only by a client's request for legal, as contrasted with business, advice.") (internal quotations omitted).  Because Defendant has not met her burden of showing that Thor's communications with her were made for the predominant purpose of obtaining legal advice on behalf of Janice, such communications are not shielded by the attorney-client privilege. And Defendant "makes no document-specific privilege argument whatsoever. So [she] has not carried [her] burden." *Patti's Holding Co., LLC v. Zurich Am. Ins. Co.*, No. 5:20-CV-84-BJB, 2024 WL 1610591, at *3 (W.D. Ky. Mar. 8, 2024).

Plaintiffs argue that Thor waived any privilege protections for communications between him and Thomas by disclosing a substantive legal communication in the Kentucky Circuit Court Action. Motion ¶ 19. The argument is moot, because the Court has found that Defendant did not meet her burden of showing that Thor's communications with Thomas were privileged in the first place. Furthermore, Plaintiffs provide no caselaw or statutory authority in support or their argument. *See Stidham v. Clark*, 74 S.W.3d 719, 725 (Ky. 2002) (As the opponent of the privilege, Plaintiff is "required to establish that the privilege ha[s] been waived.")

**CONCLUSION AND ORDER**

7

In sum, the Court finds that Defendant has not shown that the attorney-client privilege protects her communications with Thor. The Court has not scrutinized each individual privilege-log entry but has observed that the first entry does not reference Thor, *see* [DN 63-1] at 2. Because the Motion is specifically directed at communications between Defendant Thomas and Thor, and the Response likewise only addresses these communications, this Order applies only to communications involving Thor—whether he is sending, receiving, or copied on such communications. If Plaintiffs meant to seek other documents or challenge privilege on other grounds, they should have made those arguments more clearly, *see* LR 7.1.

The Court will **GRANT** Plaintiffs' Motion to Compel Production of Thor Himley Documentation. Motion [DN 62]. In accord with the above, Defendant shall produce the communications requested by Plaintiffs in their First Request for Production Item Number 16, within fifteen (15) days of the entry of this Order.

November 21, 2025

**Lanny King, Magistrate Judge**
**United States District Court**

C: Counsel